# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KALEEM TIKORI FREDERICKS,

           Plaintiff,

vs.

BOP, *et al.*,

           Defendants.

Case No. 3:21-cv-00169-TMB

## ORDER OF DISMISSAL

Kaleem Tikori Fredericks, representing himself from the United States Penitentiary in Thomson, Illinois, filed a document with the Court "seeking to file a civil complaint & civil lawsuit (pro se) against the BOP and Administrative United States Penitentiary – Thomson (AUSP Thomson) including Disciplinary Hearing Officer Ms. Fletcher, Correctional Officer Pendley, Correctional Officer Walls & Correctional Officer Nolting."[1] Mr. Fredericks claims that, in Thomson, Illinois, "[a]ll of the aforementioned have repeatedly treated [him] with a malicious demeanor, with negligence & indifference accompanying their actions (or in this case their lack of action)."[2] He claims that he is locked up 23 hours per day in a cell without running water; was forced to drink out of the toilet; had his meals withheld; was

---

[1] Docket 1 at 1.

[2] *Id*.

falsely accused of wrongdoing by corrupt officers; was falsely labeled as a sex offender; lost privileges; and was charged with excessive fines.[3] Mr. Fredericks wishes to transfer to another institution.[4]

The Court takes judicial notice[5] that Mr. Fredericks was sentenced to 130 months of incarceration by this Court in a judgment dated April 23, 2018.[6] He is now incarcerated in Thomson, Illinois.[7]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a plaintiff who seeks to waive prepayment of the filing fee. In this screening, the Court shall dismiss the case if it determines that the action--

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[3] *Id*. at 1-2.

[4] *Id*. at 3.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact. . .." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[6] *United States v. Kaleem Tikori Fredericks*, 3:16-cr-00114-TMB-1, Docket 106.

[7] *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

>   (iii)   seeks monetary relief against a defendant who is immune from such relief.[8]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[10] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11]

## DISCUSSION

Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process."[12] Under the Rules of Civil Procedure, personal jurisdiction

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *Black's Law Dictionary* (11th ed. 2019).

may be established over a defendant who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."[13] If the defendant is located out-of-state, the United States Constitution requires that a defendant must have a minimum level of contacts with the state in which the federal court is located in order for that court to be authorized to hear the case.[14] A plaintiff must show that an out-of-state defendant had sufficient minimum contacts with and in Alaska necessary as not to offend the "traditional notices of fair play and substantial justice."[15]

This Court has no personal jurisdiction over BOP employees working at the United States Penitentiary in Thomson, Illinois, and because all of Mr. Fredericks' claims occurred in Thomson, Illinois, venue is inappropriate in this Court.[16] Thus, the Court cannot decide a case such as Mr. Fredericks wishes to file.

---

[13] Fed. R. Civ. P. Rule 4(k)(1)(A).

[14] *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945).

[15] *Int'l Shoe*, 326 U.S. at 316 (citation and internal quotation marks omitted). Alaska's long-arm statute, AS 09.05.015(c), "authorizes Alaska's courts 'to assert jurisdiction to the maximum extent permitted by due process.'" *Polar Supply Co., Inc. v. Steelmaster Industries, Inc.*, 127 P.3d 54, 56 (Alaska 2005) (citations omitted). "As the United States Supreme Court explained in *International Shoe Co. v. Washington,* due process requires that a defendant have 'minimum contacts' with the forum state such that maintaining a suit in the forum state 'does not offend 'traditional notions of fair play and substantial justice.'" *In re Fields*, 219 P.3d 995, 1008 (Alaska 2009) (quoting *International Shoe*, 326 U.S. at 316).

[16] *See* 28 U.S.C. § 1391(b).

Furthermore, Mr. Fredericks must file a complaint, and either pay the filing fee or file an application to proceed without prepayment of the filing fee, if he seeks to bring a federal court action. Mr. Fredericks must file an appropriate civil action in a court with personal jurisdiction over those against whom he seeks to bring claims for relief. The Court will, therefore, send Mr. Fredericks forms appropriate for filing an action in federal court in Illinois for the violation of his federal constitutional rights.

Once Mr. Fredericks initiates a federal case, the appropriate court will screen the complaint under 28 U.S.C. § 1915(e)(2)(B), as described above.

Therefore, **IT IS HEREBY ORDERED:**

1. This case is DISMISSED without prejudice to the filing of a civil case in an appropriate jurisdiction.

2. The Clerk of Court is directed to send Mr. Fredericks a Complaint under the Constitution,[17] with instructions,[18] and an Application to Proceed Without Prepaying Fees or Costs / Financial Affidavit (Prisoner Cases),[19] from the United States District Court for the Northern District of Illinois, upon which

---

[17] https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_online/1983EDForm092007.pdf

[18] https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_online/1983PrisonerInstructionsForFilingAComplaint.pdf

[19] https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_online/form.pdf

Mr. Fredericks may initiate a civil case in the appropriate federal district court.

3. The Clerk of Court shall enter a Judgment accordingly.

Dated at Anchorage, Alaska this 19th day of August, 2021.

*/s/ Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE